```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


JENNIFER BOWMAN and JOHN              *      CIVIL ACTION
BOWMAN, SR.

versus                                *      NO. 06-9091

LEXINGTON INSURANCE COMPANY and       *      SECTION "F"
HULL INSURANCE COMPANY, INC.
```

ORDER AND REASONS

Before the Court are two motions: the Bowmans' motion to remand and Hull Insurance Company's motion to dismiss for failure to state a claim.  For the reasons that follow, the plaintiffs' motion to remand is DENIED and Hull's motion to dismiss is GRANTED.

Background

The Bowmans bought a homeowners policy worth over $250,000 from Lexington Insurance Company.  Hull & Company is a wholesale broker that operates as a program administrator for Lexington Insurance Company and has no contact with customers.  The plaintiffs claim that on the advice of Hull, they bought minimal coverage for flood damage because they were told damage not covered by flood insurance would be covered by the homeowners policy.  However, Hull merely quotes and binds coverage and issues policies to designated retail producers on behalf of Lexington.  It does not communicate with policy applicants and does not receive any policy

1

premiums directly from the applicant.

Hurricane Katrina damaged the Bowmans' home in Buras, Louisiana, which is located in Plaquemines Parish.  The Bowmans filed claims under both policies.  The parties dispute the damages caused by wind versus flood water, and also dispute whether the policy covers damages caused by a combination of the two.  The Bowmans filed a lawsuit in state court on August 25, 2006, naming Lexington and Hull.  They asserted they were entitled to payment for the value of the homeowners policy, plus state law penalties.  The Bowmans also asserted that Hull was liable for negligence in procurement of insurance because it did not advise them of gaps in coverage between the flood and homeowners policies and that excess flood insurance was both necessary and available.

The defendants removed the case to this Court on October 26, 2006, invoking this Court's original diversity jurisdiction.  They argue that Hull not only is a citizen of Florida, but it has also been fraudulently joined as a defendant, and that, therefore, complete diversity exists between the parties.  The Bowmans now move to remand, claiming that Hull is a Louisiana corporation and arguing that neither defendant has met its burden to show that Hull has been improperly joined.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies.  Common jurisdictional issues run

through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

This case is no different.  In the state court petition, the majority of the Bowmans' allegations are directed at Lexington for "arbitrary and capricious" failure to pay damages under their homeowner's policy, primarily because the parties dispute whether the policy covers damage caused by both hurricane winds and flood waters.  One complaint is directed toward Hull.  The Bowmans allege Hull was negligent by making specific representations as to the amount of flood insurance required and that their homeowners policy would cover any gaps in flood coverage.  But Hull has shown through sworn testimony that the nature of its business precludes any communication between it and customers.  Given the legal duties of agents outlined in recent Orders of all Sections of this Court, the Court finds that Hull has met its burden in proving that the Bowmans have no possibility of recovery against it under Louisiana

state law. Another Section of this Court agrees. See Frischhertz v. Lexington Ins. Co., 2006 WL 3228385 (E.D. La. Nov. 3, 2006)(Barbier, J.).

Because no claim against Hull exists, the remaining defendant is diverse from the Bowmans, and the amount in controversy requirement for diversity jurisdiction is undisputed. Accordingly, the plaintiffs' motion to remand is DENIED and Hull's motion to dismiss for failure to state a claim is GRANTED. All claims against Hull are dismissed.

New Orleans, Louisiana, December 14, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE