```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA


BOWMAN ET AL.                                        CIVIL ACTION

V.                                                   NO. 06-9091

LEXINGTON INSURANCE COMPANY ET AL.                   SECTION "F"
```

ORDER AND REASONS

Before the Court is the plaintiffs' motion for partial summary judgment. For the reasons that follow, the motion is DENIED.

Background:

The plaintiffs' property in Plaquemines Parish was damaged in Hurricane Katrina. The plaintiffs allege that the property was insured under a so-called "all risks" insurance policy, which, they contend, provides coverage for all losses not resulting from misconduct or fraud, unless a specific kind of risk is explicitly excluded in the contract. The plaintiffs argue that, under Louisiana law, the underwriter has the burden of proving that an exclusion to coverage applies.

Lexington responds that the plaintiffs have not established that the policy is an "all risks" policy, and the plaintiffs do not

1

define that term. Furthermore, Lexington argues that the insurance policy in question explicitly excludes flood damage.

I.

Rule 56 of the Federal Rules of Civil Procedure instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Finally, in evaluating a summary judgment motion, the court must read the facts in the light most favorable to the nonmoving party.  Id. at 255.

However, where the decision of a question of law by the Court depends upon an inquiry into the surrounding facts and circumstances, the Court must refuse to grant a motion for a summary judgment until the facts and circumstances have been sufficiently put before the Court. See Davidson v. Stanadyne, Inc., 718 F.2d 1334, *1339 (5th Cir. 1983) (citing Palmer v. Chamberlin, 191 F.2d 532, 540 (5th Cir. 1951). Here, the plaintiffs move for summary judgment on the question of which party, as a matter of law, has the burden to prove an exclusion under an "all risks" insurance policy. But the plaintiffs have not defined the term "all risks" policy or provided any evidence that the insurance contract

in dispute is, in fact, an "all risks" policy.[1]

    The plaintiffs' motion for partial summary judgment is DENIED.

    New Orleans, Louisiana, October 30, 2007.

                                          MARTIN L. C. FELDMAN
                                      UNITED STATES DISTRICT COURT

---

[1] Neither side has provided the Court with a copy of the insurance policy in question, and, to the extent that certain losses are excluded from coverage, the contract speaks for itself. In particular, the portion of contract that Lexington included in its response to the plaintiffs' motion establishes that flood damage is excluded from coverage under Section I, Exclusions, subsection(1)(c)(1). In addition to this excludion, the contract contains a notice that, "[y]our homeowners or dwelling policy does NOT provide coverage for loss caused by flood or mudslide...."